**Jeffrey J. Druckman**, OSB 792148
E-mail address: jeff@jjdlaw.com
**Janine C. Blatt**, OSB 922323
E-mail address: janine@jjdlaw.com
**DRUCKMAN & BLATT, PC**
0424 SW Iowa Street
Portland, Oregon 97239
Telephone: (503) 241-7020
Fax: (503) 241-9033

**Mark Bettilyon**, *admitted pro hac vice*
E-mail address: mark.bettilyon@tnw.com
**Peter M. de Jonge**, *admitted pro hac vice*
E-mail address: deJonge@tnw.com
**Jed H. Hansen**, *admitted pro hac vice*
E-mail address: hansen@tnw.com
**THORPE, NORTH & WESTERN, LLP**
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **COAST CUTLERY CO., an Oregon corporation,** | Case No.  3:16-cv-00824-SI |
| **Plaintiff,** | **SIMPLE PRODUCTS CORPORATION'S ANSWER AND COUNTERCLAIM** |
| **vs.** | |
| **SIMPLE PRODUCTS CORPORATION, a Utah corporation** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

Page 1 – **SPC's ANSWER and COUNTERCLAIM**

Defendant Simple Products Company ("SPC") answers Coast Cutlery Co.'s ("Coast") Complaint as follows:

1.     Plaintiffs' characterization of its claims under the "INTRODUCTION" heading does not require a response from SPC.  To the extent a response is required, SPC states that Coast's claims in this action speak for themselves and SPC denies that Coast is entitled to any relief.

2.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 of the Complaint and therefore denies the allegations.

3.     SPC admits that this Court has jurisdiction over the Lanham Act claim and supplemental jurisdiction over the state cause of action in the Complaint but denies all other allegations contained in paragraph 3 of the Complaint.

4.     SPC admits that venue is proper in this judicial district but denies all other allegations contained in paragraph 4 of the Complaint.

5.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 5 of the Complaint and therefore denies the allegations.

6.     Admit.

7.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 7 of the Complaint and therefore denies the allegations.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

8.      SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 8 of the Complaint and therefore denies the allegations.

9.      SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 of the Complaint and therefore denies the allegations.

11.     Admit.

12.     Deny.

13.     Deny.

14.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 14 of the Complaint and therefore denies the allegations.

15.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17.     SPC lacks knowledge or information sufficient to form a belief regarding

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations.

18.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 18 of the Complaint and therefore denies the allegations.

19.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 19 of the Complaint and therefore denies the allegations.

20.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 20 of the Complaint and therefore denies the allegations.

21.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 21 of the Complaint and therefore denies the allegations.

22.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 22 of the Complaint and therefore denies the allegations.

23.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 23 of the Complaint and therefore denies the allegations.

24.     Admit.

25.     Deny.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

26.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 26 of the Complaint and therefore denies the allegations.

27.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 27 of the Complaint and therefore denies the allegations.

28.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 28 of the Complaint and therefore denies the allegations.

29.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 29 of the Complaint and therefore denies the allegations.

30.     SPC admits that it is not misrepresenting its products' ANSI ratings.  SPC denies all other allegations contained in paragraph 30 of the Complaint.

31.     Deny.

32.     Deny.

33.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 33 of the Complaint and therefore denies the allegations.

34.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 34 of the Complaint and therefore denies the allegations.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

39.    Admit.

40.    Deny.

41.    Deny.

42.    SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 42 of the Complaint and therefore denies the allegations.

43.    SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 43 of the Complaint and therefore denies the allegations.

44.    SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 44 of the Complaint and therefore denies the allegations.

45.    SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 45 of the Complaint and therefore denies the allegations.

46.    Deny.

47.    Deny.

48.    Deny.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

49.     Deny.

50.     Deny.

51.     Deny.

## FIRST CLAIM FOR RELIEF

52.     SPC incorporates the foregoing responses as though fully set forth herein.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     SPC denies that its acts are false advertisement and all other averments contained in paragraph 58 of the Complaint.

59.     Deny.

## SECOND CLAIM FOR RELIEF

60.     SPC incorporates the foregoing responses as though fully set forth herein.

61.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 61 of the Complaint and therefore denies the allegations.

62.     SPC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 62 of the Complaint and therefore denies the allegations.

63.     Deny.

64.    SPC admits that David Kao is an independent contractor for SPC.  SPC denies that Mr. Kao communicated any false statements.  SPC lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 64 of the Complaint and therefore denies the remaining allegations.

65.    Deny.

66.    Deny.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Deny.

71.    Deny.

## GENERAL DENIAL

SPC denies any allegations in the Complaint that are not specifically admitted herein.

## RESPONSE TO PRAYER IN COMPLAINT

SPC denies that Coast is entitled to any of the relief sought in its Prayer for Relief, or any relief whatsoever, and request that the Court award SPC its costs and fees of suit and other relief the Court deems proper.

## AFFIRMATIVE DEFENSES

SPC asserts affirmative defenses as follows, reserving the right to amend its Answer to add additional Affirmative Defenses when and if they become appropriate, consistent with the facts discovered in the case, including any instances of inequitable

Page 8 – **SPC's ANSWER and COUNTERCLAIM**

conduct.

## First Affirmative Defense

Coast fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

Coast has suffered no harm as a result of any of the acts alleged in its Complaint.

## Third Affirmative Defense

Coast's claims are barred by the doctrine of unclean hands.

## Fourth Affirmative Defense

Coast's claims are barred by the doctrine of laches and/or estoppel.

## Fifth Affirmative Defense

Coast failed to mitigate any damages it may have suffered.

## Reservation of All Affirmative Defenses

SPC reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

## COUNTERCLAIM

Defendant Simple Products Corporation ("SPC") for its Counterclaim against Plaintiff Coast Cutler Co. ("Coast") states the following:

### PARTIES

1.      Defendant and Counterclaimant SPC is a Utah corporation with a principal place of business in Draper, Utah.

2.      Plaintiff and Counterclaim Defendant Coast is an Oregon corporation whose principal place of business is located in Portland, Oregon.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for false advertising under the Lanham Act.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

5.      This Court has personal jurisdiction over the Counterclaim Defendants by virtue of their filing of the Complaint in this Court, as well as the fact that Counterclaim Defendants transact regular business in this judicial district.

### GENERAL ALLEGATIONS

### Simple Products Corporation

6.      Founded in 2003 by Mr. Brian Christensen, SPC manufactures and sells flashlight products under the brand Lux-Pro through a variety of retail distribution outlets.  Some of those products are sold in the same retail outlets as Coast's flashlight products.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

7.      From 2003 to approximately 2006, Mr. David Kao was an independent representative of one of Mr. Christensen's companies, Grandway USA.  In 2007, Mr. Kao began working for Coast as its Sales Manager.  In 2012, Mr. Kao resigned from Coast and approached SPC about the possibility of working for SPC.  Roughly eight months after Mr. Kao resigned from Coast, he accepted a role as SPC's National Sales Manager.

8.      In December of 2012, SPC presented a new line of improved Lux-Pro flashlights to Lowe's.   Lowe's was particularly interested in the Lux-Pro LP600C model which was eventually approved for a promotion in Lowe's for Father's Day 2013.  The product sold very quickly, which made a very positive impression on Lowe's.  Based on the success of the LP600C during this one-time Father's day event, SPC was invited to further present to Lowe's during its line review in October of 2013.

9.      During the October line review, SPC presented a full line of flashlights to Lowe's.  These meetings with Lowe's were very positive and led to an expanded product offering with Lowe's.  After the line review, SPC was awarded the Father's Day 2014 promotion for the LP600C, along with several other promotions for the LP490BL, LP500C, LP200C, LP470C, LP1100BL, and LP630C models.  These products were extremely successful.  As a consequence, Lowe's awarded SPC with an opportunity to place six of its models in all Lowe's stores starting in July of 2014.  Additional expansion of the Lux-Pro product line into Lowe's occurred later in 2014 and throughout 2015 with some items reaching record sales numbers.

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

10.    In 2015, as a result of SPC's success, Lowe's made SPC the "category captain" of the flashlight division.  A "category captain" is a trusted manufacturer/supplier that helps the retailer analyze data, provides insights, and makes merchandising recommendations for the full line of products offered by that retailer in a specific category.  Retailers rely on category captains because retailers often lack sufficient information to understand a product line as well as a manufacturer/supplier. Category captains are useful for retailers in making decisions on the proper assortment of product, pricing, layout and marketing.

### Coast and PLATO

11.    Upon information and belief, circa 2009 a group of portable light (or flashlight) manufacturers, including Coast, collaborated to develop what it considered to be portable light product ("PLP") quality standards (hereinafter "PLP ANSI Standards").

12.    Upon information and belief, this same group of flashlight manufacturers, including Coast, then formed an alleged "industry trade organization" under the name of the Portable Light American Trade Organization also known as PLATO.

13.    A flashlight manufacturer may not become a member of PLATO without paying a significant annual fee to PLATO.

14.    Upon information and belief, PLATO then adopted the PLP ANSI Standards, standards that its members had created, as the portable light industry standard. However, the alleged light product quality standards are vague and ambiguous.  The standards themselves are implemented differently by different persons.  Consequently,

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

the test results related to the relative performance of any one flashlight product are highly subjective.

15.    For example, SPC engaged a third party to test Coast's PLP products pursuant to the PLP ANSI Standards.  The results of that third party testing showed that Coast's own PLP products did not perform in accordance with the markings on its product packaging.

16.    Upon information and belief, PLATO created an Oversight Committee that is a subset of the organization's executive management.

17.    Upon information and belief, through its Oversight Committee, PLATO polices the portable light market by sending demand letters to manufacturers of PLP products that are competitive with PLP products manufactured by members of the Oversight Committee.

18.    Upon information and belief, PLATO's Oversight Committee sends letters to competitive PLP manufacturers when a member of PLATO's Oversight Committee believes that a non-member has failed to comply with the group's subjective standards. If the manufacturer does not conform to PLATO's subjective assessment, individual members of PLATO's Oversight Committee are empowered with a "trade organization" letter which it can then wield in a lawsuit.

19.    Upon information and belief, the group of portable light (or flashlight) manufacturers that comprise PLATO's Oversight Committee have the majority of the market share in the PLP industry.

Page 13 – **SPC's ANSWER and COUNTERCLAIM**

20.    Upon information and belief, a flashlight manufacturer's failure to adopt the standards adopted by PLATO in the manner prescribed by PLATO creates an insurmountable barrier to entry into the PLP market.

### Coast's Unlawful Acts

21.    Upon information and belief, Coast is not interested in truthful and fair advertising.  Indeed, upon information and belief, when Coast was accused of false advertising by The Leatherman Tool Group, Coast took a position that is contrary to the position it takes in this lawsuit.

22.    Envious of SPC's success at Lowe's, and angered over the voluntary departure of Mr. Kao, on information and belief, Coast's suit against SPC is a veiled attempt to unlawfully prevent SPC from lawful competition in the marketplace.

23.    The PLP industry in general has dramatically evolved in the last few years.  Upon information and belief, Coast's product evolution and development has been extremely slow and the industry has left them behind.  Upon information and belief, the products sold by Coast to Lowe's in 2012 are the same products sold in Lowe's today and are sold at a much higher price than similarly situated products.

24.    Upon information and belief, Coast's business, including its business at Lowe's, suffers due to high prices, a lack of innovation, and poor treatment of its employees, not from any action taken by SPC.

25.    Rather than choosing to lower its prices, improve its products, and/or simply treat its employees better, Coast has maligned SPC's products with retailers in order to unlawfully compete with SPC.

Page 14 – **SPC's ANSWER and COUNTERCLAIM**

26.     For example, in October of 2014, one of Coast's employees, Mr. Robert Willhite, conducted internal tests of SPC's products and concluded that the products did not perform according to the ANSI markings on the product packaging.

27.     Upon information and belief, Mr. Willhite was not qualified to conduct the tests on SPC's products, used improper methodology, and improper testing equipment, among other things.

28.     Coast provided the "results" of Mr. Willhite's tests to SPC's existing and/or prospective retailers in an effort to persuade them to purchase Coast products instead of SPC products.

29.     Upon information and belief, retailers chose not to purchase SPC's products as a direct result of Coast's communication of its alleged testing of SPC's products.

30.     Upon information and belief, Coast also uses its membership and influence in PLATO to dissuade retailers from buying SPC's products.

31.     Upon information and belief, sometime prior to March of 2015, Coast persuaded PLATO's Oversight Committee, that Coast is a member of, that SPC's products exaggerated the ANSI markings on its packaging.

32.     In March of 2015, PLATO's Oversight Committee sent a letter to SPC alleging that testing conducted by a third-party testing company, Intertek, indicated ANSI markings on SPC's product packaging were inaccurate.

Page 15 – **SPC's ANSWER and COUNTERCLAIM**

33.    In response to that letter, SPC engaged Intertek to test the same products referenced in PLATO's letter.  Those tests demonstrated that the ANSI markings on SPC's product packaging were correct.

34.    After receiving SPC's response, PLATO corresponded with SPC indicating that it would evaluate the results of the Intertek testing and get back to them.

35.    Upon information and belief, during the pendency of the investigation, Coast accessed PLATO Oversight Committee correspondence with SPC and used that correspondence to persuade SPC's customers to buy Coast's products.

36.    Specifically, in December of 2015, Coast stated to an SPC customer that SPC:

> has been informed by PLATO (the organization that created and monitors the ANSI lighting standards) that a number of their lights are using inflated specifications of light output and run time.  We have tested these lights in our own lab and in a third party lab and we have found this to be true.  The specifications they are showing on many of their lights are not accurate according to ANSI standards.  I have attached our data to this email for your review.

37.    In essence, upon information and belief, Coast collaborated with a number of PLP manufacturers to create a performance standard for all PLPs and then formed an organization (PLATO) to enforce those standards against entities that were unwilling to pay fees to join the group.  Coast then used its membership within PLATO to have a letter generated alleging that SPC's products did not conform to industry standards and then used that letter to persuade SPC's customers to purchase Coast products instead of SPC products.

Page 16 – **SPC's ANSWER and COUNTERCLAIM**

38.    Upon information and belief, retailers have chosen not to purchase SPC products as a direct result of Coast's presentation of this information.

39.    Upon information and belief, as a consequence of Coast's acts, SPC has suffered significant financial and reputational damage.

40.    Consequently, SPC is entitled to an order permanently enjoining Coast, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from tortiously interfering with SPC's business or engaging in acts of false comparative advertising, including referring to or referencing SPC or SPC's products in any communication to any third party.

41.    SPC is also entitled to the damages resulting from Coast's misconduct.

42.    Upon information and belief, this case is exceptional in favor of SPC under 15 U.S.C. § 1117 and SPC should be awarded its reasonable attorneys' fees and expenses

## COUNT I
### (Tortious Interference with Contract- Common Law)

43.    SPC restates and incorporates the foregoing allegations by reference herein.

44.    SPC has existing relationships with retailers to whom its sells its PLPs or to whom it has a likelihood of selling its PLPs in the future.

45.    Upon information and belief, Coast told existing and prospective SPC retailers that it had tested SPC's products and that SPC's lights used "inflated specifications for light output and run time."

Page 17 – **SPC's ANSWER and COUNTERCLAIM**

46.     Upon information and belief, Coast's representation of SPC's products to existing and prospective SPC customers was either literally false or misleading because it was unreliable and/or scientifically indefensible.

47.     Upon information and belief, Coast knew or should have known that its test results were either literally false or misleading because the tests were unreliable and/or scientifically indefensible.

48.     Upon information and belief, SPC's customers relied on and were misled or deceived by Coast's false and/or misleading statements.

49.     Upon information and belief, SPC's customers chose not to purchase SPC's products as a result of Coast's false and/or misleading statements.

50.     Upon information and belief, SPC has been damaged by Coast's false and/or misleading statements to SPC's customers.

51.     Consequently, Coast has tortiously interfered with SPC's business and SPC is entitled to an order permanently enjoining Coast, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from tortiously interfering with SPC's business, including referring to or referencing SPC or SPC's products in any communication to any third party.

52.     SPC is also entitled to damages resulting from Coast's misconduct.

## COUNT II
### (False Advertising – 15 U.S. 1125(a))

53.     SPC restates and incorporates the foregoing allegations by reference herein.

54.     Upon information and belief, Coast represented to SPC's consumers that

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

SPC's products were inferior to Coast products based on Coast's alleged scientific testing.

55.     Upon information and belief, Coast's alleged scientific testing was either literally false or misleading because it was unreliable and/or scientifically indefensible.

56.     Upon information and belief, Coast knew or should have known that its test results were either literally false or misleading because the tests were unreliable and/or scientifically indefensible.

57.     Upon information and belief, SPC's customers relied on and were misled or deceived by Coast's false and/or misleading statements.

58.     Upon information and belief, SPC's customers chose not to purchase SPC's products as a result of Coast's false and/or misleading statements.

59.     Upon information and belief, SPC has been damaged by Coast's false and/or misleading statements.

60.     Coast's acts constitute false advertising and SPC is entitled to an order permanently enjoining Coast, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from its unlawful acts, including, but without limitation, referring to or referencing SPC or SPC's products in any communication to any third party.

61.     SPC is also entitled to damages resulting from Coast's misconduct.

62.     In addition, SPC recently engaged Intertek to test Coast's products that entered the interstate stream of commerce.  According to those tests, Coast's products did not meet the ANSI markings that were displayed on Coast's product packaging.  That is, Coast's ANSI markings on its product packaging were incorrect.

Page 19 – **SPC's ANSWER and COUNTERCLAIM**

63.    While SPC does not believe incorrect ANSI markings actually deceive consumers, if the finder of fact determines that ANSI markings on SPC's products actually deceive consumers, SPC alternatively pleads that Coast's inaccurate ANSI markings likewise actually deceive consumers.

64.    While SPC does not believe ANSI markings are material to consumer purchasing decisions, if the finder of fact determines that ANSI markings on SPC's products are material to the consumer, SPC alternatively pleads that Coast's inaccurate ANSI markings are likewise material to the consumer.

65.    Furthermore, while SPC does not believe Coast has been damaged by SPC's ANSI markings, if the finder of fact determines that Coast has been damaged by SPC's ANSI markings, SPC alternatively pleads that Coast's inaccurate ANSI markings likewise damage SPC.

66.    Accordingly, while SPC does not believe that it has engaged in any false advertising, to the extent the finder of fact determines that SPC has engaged in false advertising, SPC alternatively pleads that Coast has also engaged in false advertising and should be permanently enjoined from the same.

## **PRAYER FOR RELIEF**

WHEREFORE, SPC prays for the following relief:

A.    That Judgment be entered in favor of SPC and against Coast on each and every count of the Complaint and on each and every count of its Counterclaim;

B.    That Judgment be entered declaring that Coast has engaged in tortious interference and an Order requiring Coast to notify each of its wholesale and retail customers of its

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

misrepresentations and false statements regarding the quality and characteristics of SPC's products;

C.      That Judgment be entered that Coast has engaged in false advertising and an Order requiring Coast to notify each of its wholesale and retail customers of its misrepresentations and false statements regarding the quality and characteristics of SPC's products;

D.      Alternatively, that Judgment be entered declaring that Coast has engaged in false advertising and an Order requiring Coast to notify each of its wholesale and retail customers of its misrepresentations and false statements regarding the quality and characteristics of its products;

E.      That Judgment be entered permanently enjoining and restraining Coast, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from stating, implying, or suggesting that SPC has engaged in false advertising, tortious interference, or has engaged in any unlawful conduct;

F.      An order permanently enjoining Coast, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from false advertising and tortious interference;

G.      That Judgment be entered declaring that this case is exceptional in favor of Defendant under 15 U.S.C. § 1117 and that SPC be awarded its reasonable attorneys' fees and expenses;

H.      That SPC be awarded its costs in this action;

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

I.      Award compensatory damages for SPC's lost profit, business relationships,

competitive positioning, and valuable goodwill in an amount to be determined by the

Court;

J.      Award SPC pre-judgment and post-judgment interest as allowed by law; and

K.      That SPC be awarded such other and further relief as the Court may deem just and

proper.


DATED this 12th day of August, 2016.

                                        **THORPE NORTH & WESTERN, LLP**

                                        /s/Jed H. Hansen
                                        Mark Bettilyon
                                        Peter M. de Jonge
                                        Jed H. Hansen

                                        **DRUCKMAN & BLATT, PC**

                                        Janine C. Blatt
                                        Jeffrey J. Druckman



                                        Attorneys for Defendant
                                        *Simple Products Corporation*

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633

I hereby certify that I served the foregoing **Simple Products Corporation's Answer and Counterclaim** on:

> Michael E. Haglund
> Michael K. Kelley
> Eric J. Brickenstein
> Haglund Kelley LLP
> 200 SW Market Street, Suite 1777
> Portland, Oregon 97201
>
> Attorneys for Plaintiff

by the following indicated method or methods:

☐      by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☒      by **electronic filing** with the District Court's CM/ECF system.

☐      by **faxing** a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth below.

Dated this 12th day of August, 2016.

/s/Alexandra Thomas
Alexandra Thomas

THORPE, NORTH & WESTERN, LLP
175 South Main Street, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 566-6633